```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OBDULIO POLANCO, et al.        :    CIVIL ACTION
                               :
          v.                   :
                               :
CONEQTEC UNIVERSAL, et al.     :    NO. 07-199
```

MEMORANDUM

Bartle, C.J.                                        February 15, 2007

   This is a products liability action initially filed in the Court of Common Pleas of Philadelphia County.  It was removed to this court, and plaintiffs now move to remand to the state court.

   In accordance with Rule 1007 of the Pennsylvania Rules of Civil Procedure, plaintiffs commenced this action by filing a praecipe for a writ of summons on November 8, 2006.  The summons was issued forthwith and served with the praecipe on defendants on November 13, 2006. On December 6, 2006, defendants filed in the Court of Common Pleas a Rule on plaintiffs to file a complaint.  Plaintiffs filed a complaint on December 22, 2006, which was served on defendants on December 26, 2006.  Defendants removed this action here on January 17, 2007.  The basis of removal was diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

   Plaintiffs, in support of their motion to remand, argue that defendants did not remove the action within the thirty day

period required under 28 U.S.C. § 1446(b).  This section provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, ....

The praecipe for writ of summons, filed on November 8, 2006, simply contained the names and addresses of all the parties but no allegations.  On the face of the praecipe, it appeared that the plaintiffs were of diverse citizenship from all defendants.  The summons itself identified the names of the parties, set forth the address of the plaintiffs, and gave notice that plaintiffs "have commenced an action against you [defendants]."  Again, it included nothing about the nature of the claims or the amount of damages.  Plaintiffs also filed and served with the summons and praecipe a document entitled "Civil Cover Sheet."  Like the praecipe, it listed the names and addresses of all the parties but, unlike the praecipe or the summons, it stated that the amount in controversy was more than

$150,000.[1]  Plaintiffs maintain that the action had to be removed within thirty days after November 13, 2006 when the summons, praecipe, and Civil Cover Sheet were served.  Plaintiffs assert that at this point defendants had sufficient information to know that federal subject matter jurisdiction existed.  Removal of the action to this court occurred more than thirty days later, as noted above, on January 17, 2007.

Plaintiffs rely on Foster v. Mutual Fire, Marine & Inland Insurance Co., 986 F.2d 48 (3d Cir. 1993).  There our Court of Appeals rejected the notion that the clock begins to run when the defendants learned through correspondence or some other informal means that federal subject matter jurisdiction exists.  Instead, the court held "that § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction ...."  986 F.2d 48, 54 (3d Cir. 1993).  Under Foster, we would be limited to a

---

1.  The Civil Cover Sheet further identified the action as sounding in negligence and product liability.  However, it did not provide any further details about the claims.  The Civil Cover Sheet is not mentioned in the Pennsylvania Rules of Civil Procedure.  It is a creature of the Local Civil Rules of the Court of Common Pleas of Philadelphia County. See Philadelphia Civ. R. 205.2(b).  Its purpose appears to be to facilitate the administration of the court's docket and possibly provide useful statistical information.  Whatever importance a Civil Cover Sheet may have, it is not a writ of summons, praecipe, or complaint.  It cannot be used to commence an action under Pennsylvania law and is not deemed a pleading under Pennsylvania law. See Pa. R. Civ. P. 1007 and 1017.

review of what was contained within the four corners of these specific documents.  The Civil Cover Sheet is not one of them.

While, in our view, plaintiffs could not prevail on their remand motion under the rule enunciated in Foster, it is now a moot point since Foster is no longer the law in this circuit.  Our Court of Appeals, in Sikirica v. Nationwide Insurance Co., 416 F.3d 214 (3d Cir. 2005), declared that the Supreme Court had implicitly overruled Foster in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).  The Supreme Court held that under § 1446(b) the thirty day removal period can never begin to run until the defendants have been formally served with process.  Where, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint.  Id. at 354.  The initial pleading described in § 1446(b) is the complaint, not the summons, praecipe for writ of summons, or some other document like a Civil Cover Sheet.  See Skirica, supra at 222.

Since defendants did not receive a copy of the complaint until it was served on them on December 26, 2006, the removal of the action to this court on January 17, 2007 was timely under 28 U.S.C. § 1446(b).  Accordingly, the motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County will be denied.

```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OBDULIO POLANCO, et al.         :       CIVIL ACTION
                                :
               v.               :
                                :
CONEQTEC UNIVERSAL, et al.      :       NO. 07-199
```

ORDER

AND NOW, this 15th day of February, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs to remand to the Court of Common Pleas of Philadelphia County (Doc. #3) is DENIED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                  C.J.